



INTELLECTUAL PROPERTY LAW

September 3, 2021

**Via ECF**

The Honorable Valerie Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/7/2021
```

    Re:    **Caliko, SA v. Finn & Emma, LLC**
            **Case No.: 21-cv-3849-VEC (SDNY)**

Dear Judge Caproni:

    This firm represents the Plaintiff in the above-referenced matter. I am writing regarding a dispute between the Parties as to whether this lawsuit is currently stayed pending a ruling on Defendant's Motion to Dismiss (filed June 25, 2021, D.E. 19).

    Following the Initial Conference, Plaintiff, as the Court instructed, requested Defendant's cooperation in setting deadlines for disclosure of expert reports. Plaintiff has also served an initial set of discovery requests. Defendant responded indicating it is unwilling to schedule the expert deadlines or respond to the discovery requests because it maintains that the case is stayed pending a ruling on its motion. The parties met and conferred to try to resolve this dispute, including by telephone, but reached an impasse.

    To begin with, Defendant never filed a motion to stay discovery and the Court has not issued an Order to stay. A stay of discovery was not sought or granted during the Initial Conference. Instead, Defendant has unilaterally adjudicated this issue and now refuses to participate in this lawsuit.

    Absent a motion to stay, the discovery in this case is not suspended. *Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. 2021). (a "motion to dismiss does not automatically stay discovery . . . and discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."). Moreover, the "party seeking a stay of discovery bears the burden of showing good cause." *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. 2016). Here, Defendant has not requested a stay and therefore has not demonstrated good cause.

    Even if a motion to stay had been filed, it would not support a stay. A "court has discretion to stay discovery during the pendency of a motion to dismiss upon a showing of good cause." *Trustees of New York City, v. Showtime on Piers LLC*, 2019 WL 6912282, at *1 (S.D.N.Y. 2019). In "determining whether good cause exists, courts consider: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth

Collen IP Intellectual Property Law, P.C., The Holyoke-Manhattan Building
80 South Highland Avenue, Ossining-on-Hudson, Westchester County, New York 10562, U.S.A.
Tel 914-941-5668   Fax 914-941-6091   www.collenip.com

of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id.*

As demonstrated in Plaintiff's Opposition to Defendant's Motion to Dismiss (D.E. 22), there is no basis to dismiss Plaintiff's claims. Each of Plaintiff's claims has been adequately plead. Defendant's dismissal arguments rest on a misunderstanding of trademark law, and improperly ask the Court to prematurely resolve disputed issues of fact without the benefit of discovery.

Defendant likewise cannot demonstrate that the discovery sought in this case is overly burdensome or outside the typical discovery sought in a dispute of this nature (Plaintiff's requests comprise just two Interrogatories and fifty-nine document requests). *Mirra*, 2016 WL 889559, at *2 ("vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome").

A stay of discovery in this case would delay resolution and cause prejudice to Plaintiff. This is because Defendant has not agreed to discontinue its infringement. To the contrary, Defendant's website continues to advertise and promote the infringing baby rocker and states that this item is in "hot demand." Defendant continues to accept new customers for this infringing product. On the other hand, Plaintiff has already identified confused customers that purchased Defendant's knock-off product and complained to Plaintiff about the inferior quality of Defendant's product. These confused customers mistakenly believe that Defendant's Chinese-manufactured product originated with Plaintiff. This marketplace confusion causes irreparable harm to Plaintiff and damages its brands and goodwill.

For the foregoing reasons, Plaintiff respectfully asks that the Court clarify that discovery is not stayed and Order Defendant to cooperate with Plaintiff in scheduling expert deadlines and timely respond to the already-served discovery requests.

Thank you for your consideration.

No later than **September 8, 2021**, Defendant must respond to Plaintiff's letter.

The Court notes that it did not stay discovery in this case. On June 25, 2021, the Court entered the parties' proposed case management plan, which set the fact discovery deadline as November 15, 2021. Dkt. 21.

Very truly yours,
COLLEN

Jeffrey A. Lindenbaum
Partner
jlindenbaum@collenip.com

SO ORDERED.

9/7/2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE